■ HILDACAR ASSOCIATES, LLC, Appellant, v TOWN OF POUGHKEEPSIE, Respondent. [940 NYS2d 143]—

In an action to recover damages for private nuisance, trespass, and negligence, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 22, 2010, which granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

In July 2002, the plaintiff purchased certain property located in the Town of Poughkeepsie. The property was improved by a commercial building erected by the previous owners. In February 2008, the plaintiff was contacted by someone from the Town's sewer department asking for permission to investigate a problem with the sewer line running underneath the subject building. The plaintiff allegedly had not been aware of the sewer line prior to this incident. It was later discovered that the sewer line was cracked, thus permitting sewage to leak beneath the floor slab of the building.

Subsequently, the plaintiff commenced this action against the Town to recover damages for private nuisance, trespass, and negligence. The Town moved for summary judgment dismissing the complaint on the ground that it did not own the subject sewer line, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court properly, in effect, denied the plaintiff's cross motion for summary judgment on the issue of liability, but it should have denied the Town's motion for summary judgment dismissing the complaint, as both parties failed to submit sufficient evidence to establish their

prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). The plaintiff and the Town both submitted, inter alia, a 1998 agreement between the property's previous owners and the Town, signed by the Town Supervisor and authorized by the Town Board, in which those parties agreed it was necessary to relocate the subject sewer line because it constituted "a hazardous condition" in its current location. This agreement, along with the absence of any definitive statement of ownership of the subject sewer line, raises a triable issue of fact as to whether the Town had a duty to maintain the sewer line. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.